# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Candy M. Kern, Respondent.

Appellate Case No. 2023-001650

---

Opinion No. 28208
Submitted June 4, 2024 – Filed June 20, 2024

---

## DISBARRED

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Maggie Raines Chappell,
both of Columbia, for the Office of Disciplinary Counsel.

Peter Demos Protopapas, of Rikard & Protopapas, LLC,
of Columbia, for Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to disbarment. We accept the Agreement and disbar Respondent from the practice of law in this state. The facts, as set forth in the Agreement, are as follows.

## I.

Respondent provided legal and escrow services through her law firm, Upstate Law Group (ULG), in connection with an illegal structured cash flow business wherein the investor (buyer) purchased future payments of a veteran (seller). Respondent represented the buyers in these improper transactions. The future payments came from either a pension, paid to the veteran by the Defense Finance Accounting

Service, or disability benefits, paid to the veteran by the Department of Veterans Affairs. However, these payments were unassignable pursuant to federal statute.

As a result of Respondent's involvement in the illegal structured cash flow business, on or about September 7, 2017, ODC received a news article about a federal lawsuit against Respondent for inducing veterans to sell their retirement benefits or disability benefits for a lump sum. On or about February 1, 2019, ODC received a complaint from a life insurance agent whose clients had stopped receiving payments pursuant to their veterans' contracts. On or about May 12, 2020, ODC received a complaint from a South Carolina lawyer representing veterans who had assigned their military benefits in exchange for payments and who Respondent sued when they defaulted on the contracts to sell their military pensions.

In 2018, the Securities Division of the Arizona Corporation Commission filed an enforcement action alleging that the income stream investments involved in Respondent's scheme were unregistered securities that were prohibited by federal and state law. Respondent and ULG were among the named parties, and both Respondent and ULG were ordered to pay restitution totaling $2,943,438 plus administrative penalties totaling $560,000.

In a separate civil action, on January 1, 2021, the federal district court in South Carolina entered an order permanently restraining Respondent from brokering, offering or arranging purported sales of pensions and disability benefits; any related collection activity; and engaging in any financial services business in the state of South Carolina. The federal court also entered a judgment against Respondent and the other defendants, jointly and severally, in the amount of $725,000.

On May 1, 2023, Respondent pled guilty to violating 18 U.S.C. § 371, admitting she participated in a conspiracy with objects of mail and wire fraud. Specifically, Respondent admitted that she used ULG to represent buyers in the structured cash flow business in which material information regarding the anti-assignment statute, the lump sums received by the sellers, and other important information were misrepresented or concealed from both buyers and sellers. On August 21, 2023,

the federal court issued an order requiring Respondent to forfeit $1,446,336, along with costs and interest. On August 30, 2023, the federal court sentenced Respondent to five years' probation, with Respondent being on home detention for the first five hundred days.

## II.

Respondent admits that her conduct in these matters violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(d) (prohibiting a lawyer from counseling or assisting a client to engage in conduct the lawyer knows is criminal or fraudulent); Rule 4.1 (requiring truthfulness in statements to others in the course of representing a client); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits her conduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) (providing conduct bringing the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law constitutes a ground for discipline).

## III.

We find disbarment is the appropriate sanction for Respondent's egregious misconduct. Accordingly, we accept the Agreement and disbar Respondent from the practice of law in this state. Within fifteen days of the date of this opinion, Respondent shall surrender her Certificate of Admission to the Practice of Law to the Clerk of this Court. Within thirty days of the date of this opinion, Respondent shall enter into a payment plan with the Commission on Lawyer Conduct to repay the costs incurred by the Commission and ODC in investigating and prosecuting this matter.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**